UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:07-80272-CIV-MARRA/JOHNSON

JEAN DIEUJUSTE
on his own behalf and others similarly
situated,

    Plaintiff,

v.

R. J. ELECTRIC, INC.,
A Florida corporation, and
ANDREW C. ATKINS, individually

    Defendant.
_____/

## MOTION TO STRIKE DEFENDANTS' OFFER OF JUDGMENT AND FOR SANCTIONS

    Plaintiff, JEAN DIEUJUSTE, by and through the undersigned counsel and pursuant to the Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida, requests the entry of an Order striking Defendants' Offer of Judgment and for Sanctions, and states:

    1.    This is a case for overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA").

    2.    On April 19, 2007, Defendants, R. J. ELECTRIC, INC. and ANDREW C. ATKINS, filed with the Court an unauthorized "Offer of Judgment." D.E. 8.

    3.    Based upon the plain language of Federal Rule 68, as well as the case law construing same, Defendants' filing of the Offer of Judgment was

completely improper.

4.  Thus, the proper remedy is to strike Defendants' Offer of Judgment.

WHEREFORE, Plaintiff, JEAN DIEUJUSTE, requests the entry of an Order striking Defendants' Offer of Judgment and seeks sanctions against Defendants.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 68 states:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. **If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment**. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

(emphasis added). An offer of judgment may not be filed with the court unless it has been accepted, and then it is to be filed *with* a notice of acceptance. Burks v. Harris, 1990 U.S. Dist. LEXIS 5510 (N.D. Ill. May 10, 1990). When an offer of judgment is filed at the same time it is served on plaintiff, but with no acceptance, this practice fails to comply with Rule 68 and the papers related to the offer of judgment will be stricken. Id.

> As another court has stated:
>
> > Rule 68 is really unambiguous -- its first sentence provides only for the *service* of offers of judgment on the adverse party, while its second sentence calls for *filing* of the offer **only** if the adverse party accepts it within ten days after such service. **By strong negative inference, that latter reference to filing if and when the offer is accepted confirms the plain meaning of Rule 68's first sentence that no filing is permitted at the time of tender**. And that is the uniform view of the commentators (see, e.g., the extended discussion in 7 (Part 2) *Moore's Federal* Practice para. 68.04, at 68-10 to 68-11 (2d ed. 1990) and the brief conclusory statement to the same effect in 12 Wright and Miller, *Federal Practice and Procedure: Civil* § 3002 (1973) as well as of the few cases that have been compelled to look at the issue (see, e.g., Scheriff v. Beck, 452 F. Supp. 1254, 1259 (D.C.Colo. 1978); Nabors v. Texas Co., 32 F. Supp. 91 (W.D.La. 1940)).

Kason v. Amphenol Corp., 132 F.R.D. 197 (N.D Ill. 1990) (italics in original, other emphasis added); see also, Scheriff v Beck, 452 F Supp 1254, 1259 (D Colo 1978) ("[p]laintiff has moved to strike the offer on the ground, *inter alia*, that it was filed with the court at the time it was extended. When such a procedural error

is made, however, the only corrective action which need be taken is to strike the early filing. 7 *Moore's Federal Practice* para. 68.04).

On this same issue, yet another court has stated:

> The court has been unable to find any decision construing this rule, but the language seems to intend that the parties wishing to offer judgment shall do so by "serving notice, upon the adverse party." Rule 5 prescribes the modes of service and Subsection (b) thereof authorizes it to be made "upon the attorney", unless the court directs otherwise, by mail, by handing it to him, or leaving it in his office, etc. Rule 68 says that if accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and the clerk shall enter judgment. If the offer is not accepted, "it shall be deemed withdrawn and evidence thereof is not admissible". The purpose, of course, as expressed in the last sentence of Rule 68, is to fix responsibility for costs thereafter. If it had been intended that the party offering judgment should file it as defendant has done in this case and that service should be made by the officers of the court, then it and the return would become parts of the record and there would be no need for either party to "file" or make proof of service. I believe it was contemplated that the party making the offer should serve it as provided by Rule 5 (b), and if his adversary "serves written notice" of acceptance, it should then be filed; but if unaccepted, all that the offeror need do is to make proof of it at the proper time and save himself in the matter of costs if the recovery does not exceed what was tendered. The pleading filed as an offer of judgment in the record should therefore be stricken, reserving to defendant the right to make proof thereof at the proper time.

Nabors v. Texas Co., 32 F. Supp. 91 (W.D.La.1940); See also, Lorio v. Cartwright, 1991 U.S. Dist. Lexis 9566 (N.D. Ill. 1991); Wrightwood Improve.

Asso. v. Riccordino Realty, 1987 U.S. Dist. LEXIS 5272 (N.D. Ill. 1987); see also, Harris v. City of New York, 2004 U.S. Dist. LEXIS 9288, n. 1(S.D. N.Y. 2004); Tansey v. Transcontinental & Western Air, Inc., 97 F. Supp. 458 (D.D.C. 1945); Petersen v. Chicago, G. W. R. Co., 3 F.R.D. 346 (D. Neb. 1943).

In the instant case, Defendants filed an Offer of Judgment to Jean Dieujuste. D.E. 8. Filing this Offer of Judgment (it was not even the Notice of an Offer of Judgment, but the actual Offer served on Plaintiff) is not authorized by Rule 68 or any other Rule of Civil Procedure. Indeed, virtually every Court that has considered the issue has held that offers of judgment pursuant to Rule 68 should not be filed with the Court at the time they are served. See supra. These courts have reasoned that Rule 68 simply does not authorize such filing. See supra. Similarly, Rule 68 does not authorize the filing of Defendants' "Offer of Judgment."

As the Kason court stated, with regard to **what** may be filed with the Court and **when** any and all authorized documents may be filed, "Rule 68 is really unambiguous." See, Kason, supra. Given Rule 68's specificity regarding what may be filed and when, had Congress intended to authorize the Offer of Judgment which was filed by Defendants, then it would have provided for such filing in the Rule. It did not. Consolidated Gas Co. v. City Gas Co., 665 F. Supp. 1493 (S.D. Fla. 1987) (regarding this "sound rule of statutory construction.").

Here, Defendants chose to ignore both the plain language of the Rule and the overwhelming authority. And, indeed, no contrary authority exists.

Moreover, pursuant to 28 U.S.C. § 1927, an attorney who needlessly acts with vexatious multiplication of litigation, should be sanctioned by the Court. A showing of bad faith is not necessary. See Fair Hous. Advocates Assoc. v. Terrace Plaza Apts., 2006 U.S. Dist. LEXIS 55600, 23 (SD OH August 10, 2006) (holding that improper filing of offer of judgment merited sanctions against counsel).

The proper remedy for the filing of Defendants' Offer of Judgment, which violates Rule 68, is striking it and *sanctioning* defense counsel for this vexatious filing. See supra. For all these reasons, Defendants' Offer of Judgment should be stricken.

Dated: April 20, 2007                     Respectfully submitted,
      Boca Raton, Florida

                                              s/STACEY H. COHEN
                                    Stacey H. Cohen (Fla Bar No: 0956791)
                                    E-mail: scohen@shavitzlaw.com
                                    SHAVITZ LAW GROUP, P.A.
                                    1515 S. Federal Highway, Suite 404
                                    Boca Raton, Florida 33432
                                    Telephone: (561) 447-8888
                                    Facsimile: (561) 447-8831
                                    Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on **April 20, 2007**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

                                                                **s/STACEY H. COHEN**
                                                                 Stacey H. Cohen

**SERVICE LIST**
**Jean Dieujuste v. RJ Electric**
**CASE NO.: 07-80272-CIV-MARRA/JOHNSON**
**United States District Court, Southern District of Florida**

Frank James McKeown, Jr., Esq.
Frank James McKeown, Jr. P.A.
Concourse Tower 1
2000 Palm Beach Lakes Blvd, Suite 701
West Palm Beach, FL 33409
Tel: 561-832-5650
Fax: 561-688-9985
Attorneys for Defendants